| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| STEPHEN HARTMAN, § § Plaintiff, § § versus § § JUDGE LAYNE WALKER, individually, § JEFFERSON COUNTY, TEXAS, § THE STATE OF TEXAS, SHERIFF MITCH § WOODS, SHERIFF DEPUTY STEVEN § BROUSSARD, SHERIFF DEPUTY § SHARON LEWIS, SHERIFF CAPTAIN § CARR, SHERIFF DEPUTY ANTHONY § BARKER, and ANN LANDRY, COURT § COORDINATOR, *et al.*, § § Defendants. § | CIVIL ACTION NO. 1:13-CV-355 |

**ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge. The court has received and considered the report (Doc. No. 244) of the magistrate judge, who recommends that the Plaintiff be entitled to amend his complaint as to only three of his federal claims, dismissing the remaining federal claims without leave to amend, and declining to exercise supplemental jurisdiction over the state law claims. Plaintiff Stephen Hartman ("Hartman") filed timely objections (Doc. No. 252) to the report and recommendation.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to

which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

The court has undertaken a *de novo* review of the report and recommendation, and the court concludes that Hartman's objections are without merit. To the extent Hartman requests leave to amend his § 1983 claims against "the state actors" Judge Hawthorn found were not expressly accused of violating § 1983,[1] Hartman's request is **DENIED**. At present, Hartman's claims against those "state actors" amount to nothing more than unadorned "the defendant harmed me" allegations without a factual basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); (*See* Doc. No. 97, at 36.) Moreover, it would be futile to allow Hartman to amend his complaint to "clarify" his § 1983 claims against those defendants. Judge Hawthorn analyzed the § 1983 claims on a right-by-right basis, not on a Defendant-by-Defendant basis, and correctly concluded that the facts alleged did not give rise to plausible § 1983 claims. It appears from Hartman's objections that he does not intend to allege new facts that would change the Rule 12(b)(6) analysis, but instead he merely seeks to "clarify" the *list of defendants* accused of violating § 1983. *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003) ("[T]he proposed amended complaint could not survive a Fed. R. Civ. P. 12(b)(6) motion and allowing [plaintiff] to amend the complaint would be futile.") Thus, the court agrees with Judge Hawthorn's conclusion that any amendment or "clarification"

---

[1] (See Doc. No. 252, at 6) ("Hartman agrees to clarify which Defendants are subject to his § 1983 claims . . . .")

would be futile.  Further, Hartman has not demonstrated in his objections how those other "state actor" defendants played any role in the claims Judge Hawthorn allowed Hartman to amend.

It is **ORDERED** that the Plaintiff's objections (Doc. No. 252) are **OVERRULED**, and the magistrate judge's report and recommendation (Doc. No. 244) is **ADOPTED**.  Accordingly, it is further **ORDERED** that:

- Jefferson County's "Motion to Strike" (Doc. No. 101) is **DENIED**;

- Layne Walker's "Rule 12(b)(1) and 12(b)(6) Motion to Dismiss" (Doc. No. 102) is **GRANTED IN PART**.  Hartman's federal law claims are dismissed.  Hartman, however, is given leave to amend his excessive force, false search warrant affidavit, and conspiracy claims.  If Hartman chooses to do so, he must explicitly state how Walker was involved in the alleged facts giving rise to these claims.  The state law claims against Layne Walker will be addressed below;

- Jefferson County's "12(b)(6) Motion to [Dismiss] Plaintiff's Second Amended Complaint and Rule 8 Motion" (Doc. No. 103) is **DENIED AS MOOT** in light of Jefferson County's amended motion to dismiss;

- Ann Landry's "12(b)(6) Motion to [Dismiss] Plaintiff's Second Amended Complaint and Assertion of Qualified Immunity and Rule 8 Motion" (Doc. No. 104) is **GRANTED IN PART**.  Any federal law claims against Landry are dismissed with prejudice.  The state law claims against Ann Landry will be addressed below;

- Mitch Woods's "12(b)(6) Motion to [Dismiss] Plaintiff's Second Amended Complaint and Assertion of Qualified Immunity and Rule 8 Motion" (Doc. No 105) is **GRANTED IN PART**.  Hartman's federal law claims are dismissed.  Hartman, however, is given leave to amend his false search warrant affidavit and conspiracy claims.  The state law claims against Mitch Woods will be addressed below;

- Captain Carr's "12(b)(6) Motion to [Dismiss] Plaintiff's Second Amended Complaint and Assertion of Qualified Immunity and Official Immunity and Rule 8 Motion" (Doc. No. 106) is **GRANTED IN PART**.  Any federal law claims against Captain Carr are dismissed with prejudice.  The state law claims against Captain Carr will be addressed below;

- Deputy Sharon Lewis's "12(b)(6) Motion to [Dismiss] Plaintiff's Second Amended Complaint and Assertion of Qualified Immunity and Official Immunity and Rule 8

Motion" (Doc. No. 107) is **GRANTED IN PART**. Hartman's federal law claims are dismissed. Hartman, however, is given leave to amend his excessive force and conspiracy claims. If Hartman chooses to do so, he must explicitly state how Deputy Lewis was involved in the alleged facts giving rise to these claims. The state law claims against Deputy Lewis will be addressed below;

- Deputy Anthony Barker's "12(b)(6) Motion to [Dismiss] Plaintiff's Second Amended Complaint and Assertion of Qualified Immunity and Official Immunity and Rule 8 Motion" (Doc. No. 108) is **GRANTED IN PART**. Hartman's federal law claims are dismissed. Hartman, however, is given leave to amend his excessive force and conspiracy claims. If Hartman chooses to do so, he must explicitly state how Deputy Barker was involved in the alleged facts giving rise to these claims. The state law claims against Deputy Barker will be addressed below;

- Deputy Stephen Broussard's "12(b)(6) Motion to [Dismiss] Plaintiff's Second Amended Complaint and Assertion of Qualified Immunity and Official Immunity and Rule 8 Motion" (Doc. No. 109) is **GRANTED IN PART**. Hartman's federal law claims are dismissed. Hartman, however, is given leave to amend his excessive force and conspiracy claims. If Hartman chooses to do so, he must explicitly state how Deputy Broussard was involved in the alleged facts giving rise to these claims. The state law claims against Deputy Broussard will be addressed below;

- Misty Craver's "12(b)(1) and 12(b)(6) Motions to Dismiss Plaintiff's Second Amended Complaint and Assertion of Witness Immunity" (Doc. No. 116) are **GRANTED IN PART**. Any federal law claims against Misty Craver are dismissed with prejudice. The state law claims against Misty Craver will be addressed below;

- Clint Woods's "12(b)(1) and 12(b)(6) Motions to Dismiss Plaintiff's Second Amended Complaint and Assertion of Immunity" (Doc. No. 125) are **GRANTED IN PART.** Any federal claims against Clint Woods are dismissed with prejudice. The state law claims against Clint Woods will be addressed below;

- Lindsey Scott's "12(b)(1) and 12(b)(6) Motions to Dismiss Plaintiff's Second Amended Complaint and Assertion of Witness Immunity" (Doc. No. 128) are **GRANTED IN PART**. Any federal law claims against Lindsey Scott are dismissed with prejudice. The state law claims against Lindsey Scott will be addressed below;

- Ed Shettle's "12(b)(1) and 12(b)(6) Motions to Dismiss Plaintiff's Second Amended Complaint and Assertion of Immunity" (Doc. No. 129) are **GRANTED IN PART**. Hartman's federal law claims are dismissed. Hartman, however, is given leave to amend his false search warrant affidavit and conspiracy claims. The state law claims against Ed Shettle will be addressed below;

- Tiffani DeCuir's "12(b)(1) and 12(b)(6) Motions to Dismiss Plaintiff's Second Amended Complaint and Assertion of Immunity" (Doc. No. 130) are **GRANTED IN PART**. Any federal law claims against Tiffani Decuir are dismissed with prejudice. The state law claims against Tiffani DeCuir will be addressed below;

- Rife Kimler's "Motion to Dismiss" (Doc. No. 131) is **GRANTED IN PART**. Any federal law claims against Rife Kimler are dismissed with prejudice. The state law claims against Rife Kimler will be addressed below;

- Tom Maness's "12(b)(1) and 12(b)(6) Motions to Dismiss Plaintiff's Second Amended Complaint and Assertion of Immunity" (Doc. No. 135) are **GRANTED IN PART**. Hartman's federal law claims are dismissed. Hartman, however, is given leave to amend his false search warrant affidavit and conspiracy claims. The state law claims against Tom Maness will be addressed below;

- Judge G.R. "Lupe" Flores's "12(b)(1) and 12(b)(6) Motions to Dismiss Plaintiff's Second Amended Complaint and Assertion of Immunity" (Doc. No. 137) are **DENIED AS MOOT**. The court adopts Judge Hawthorn's previous report and recommendation (Doc. No. 242) dismissing all claims against Judge Flores;

- Tom Rugg's "12(b)(1) and 12(b)(6) Motions to Dismiss Plaintiff's Second Amended Complaint and Assertion of Immunity" (Doc. No. 139) are **GRANTED IN PART**. Any federal claims against Tom Rugg are dismissed with prejudice. The state law claims against Tom Rugg will be addressed below;

- Sergeant Kolander's "12(b)(1) and 12(b)(6) Motions to Dismiss Plaintiff's Second Amended Complaint and Assertion of Qualified and Official Immunity" (Doc. No. 140) are **GRANTED IN PART**. Hartman's federal law claims are dismissed. Hartman, however, is given leave to amend his false search warrant affidavit and conspiracy claims. The state law claims against Sergeant Kolander will be addressed below;

- Diane Rojas's "12(b)(1) and 12(b)(6) Motions to Dismiss Plaintiff's Second Amended Complaint and Assertion of Witness Immunity" (Doc. No. 146) is **DENIED AS MOOT**. Hartman has moved to voluntarily dismiss his claims against Rojas with prejudice (Doc. No. 241). Judge Hawthorn recommended (Doc. No. 243) granting Hartman's motion. No objections to the report were filed. Accordingly, the court grants the motion (Doc. No. 241) and dismisses Hartman's claims against Rojas with prejudice;

- Jefferson County's "12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint and Rule 8 Motion" (Doc. No. 147) is **GRANTED**. All federal law claims against

Jefferson County are dismissed. Hartman, however, is given leave to amend his claim against Jefferson County;

- Tim Smith's "12(b)(1) and 12(b)(6) Motions to Dismiss Plaintiff's Second Amended Complaint and Assertion of Qualified and Official Immunity" (Doc. No. 150) are **GRANTED IN PART**. Hartman's federal law claims are dismissed. Hartman, however, is given leave to amend his false search warrant affidavit and conspiracy claims. The state law claims against Tim Smith will be addressed below;

- Tish Jones's "12(b)(1) and 12(b)(6) Motions to Dismiss Plaintiff's Second Amended Complaint" (Doc. No. 187) are **GRANTED IN PART**. Any federal law claims against Tish Jones are dismissed with prejudice. The state law claims against Tish Jones will be addressed below;

- James Makin's "Motion to Dismiss Under Rule 12(c)" (Doc. No. 205) is **GRANTED IN PART**. Any federal law claims against James Makin are dismissed with prejudice. The state law claims against James Makin will be addressed below;

- Jodee Roach's "12(b)(1) and 12(b)(6) Motions to Dismiss Plaintiff's Second Amended Complaint and Assertion of Immunity" (Doc. No. 212) are **GRANTED IN PART**. Any federal law claims against Jodee Roach are dismissed with prejudice. The state law claims against Jodee Roach will be addressed below;

- Kim Carter's "12(b)(1) and 12(b)(6) Motions to Dismiss Plaintiff's Second Amended Complaint and Assertion of Immunity" (Doc. No. 215) are **GRANTED IN PART**. Any federal law claims against Kim Carter are dismissed with prejudice. The state law claims against Kim Carter will be addressed below;

- E. Perry Thomas's "12(b)(1) and 12(b)(6) Motions to Dismiss Plaintiff's Second Amended Complaint and Assertion of Immunity" (Doc. No. 219) are **GRANTED IN PART**. Any federal law claims against E. Perry Thomas are dismissed with prejudice. The state law claims against E. Perry Thomas will be addressed below;

- Joe Alford's "12(b)(1) and 12(b)(6) Motions to Dismiss Plaintiff's Second Amended Complaint and Assertion of Immunity" (Doc. No. 228) are **GRANTED IN PART**. Any federal law claims against Joe Alford are dismissed with prejudice. The state law claims against Joe Alford will be addressed below;

- Judge Hawthorn recommended that any federal law claims against Arthur Lewis be dismissed with prejudice for failure to state claim, and any state law claims be dismissed without prejudice because the court should decline to exercise supplemental jurisdiction over Hartman's state law claims. Hartman did not object to Judge Hawthorn's recommendation. Accordingly, the court adopts the recommendation and

dismisses the federal law claims with prejudice. The state law claims will be addressed below.

It is further **ORDERED** that Hartman will have **fourteen (14) days** from the date of this order to amend his complaint. **Hartman may amend only the claims Judge Hawthorn allowed leave to amend**.

The court defers a ruling on whether to exercise supplemental jurisdiction over Hartman's state law claims against all Defendants until Hartman decides whether to amend his complaint regarding the federal law claims he is permitted to amend. Accordingly, the following motions, which deal only with Hartman's state law claims, are **DENIED** for administrative purposes only. These motions are subject to re-assertion if and when Hartman amends the federal claims in his complaint and the court finally decides to exercise supplemental jurisdiction over the state law claims:

- Deputy Barker, Steven Broussard, Misty Craver, Tiffani DeCuir, Seargeant Kolander, Ann Landry, Sharon Lewis, Tom Maness, Tom Rugg, Captain Carr, Edward Shettle, Tim Smith, Clint Woods, Mitch Woods's "Motion for Dismissal Per § 101.106(f) of Texas Torts Claims Act" (Doc. No. 179);

- Judge G.R. "Lupe" Flores's "Motion for Dismissal Per § 101.106(f) of Texas Torts Claims Act" (Doc. No. 182);

- Tish Jones's "Motion for Dismissal Per § 101.106(f) of Texas Torts Claim Act" (Doc. No. 188);

- Jodee Roach's "Motion for Partial Dismissal Per § 101.106(f) of Texas Tort Claims Act" (Doc. No. 213);

- Kim Carter's "Motion for Partial Dismissal Per § 101.106(f) of Texas Tort Claims Act" (Doc. No. 216);

- E. Perry Thomas's "Motion for Partial Dismissal Per § 101.106(f) of Texas Tort Claims Act" (Doc. No. 220).

SIGNED at Beaumont, Texas, this 16th day of September, 2015.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE